UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDI MORALES, on behalf of himself and all other
persons similarly situated,

                     Plaintiff,

    -against-                                **COMPLAINT**

ZULUAGA FOOD SERVICES, INC. and
HOOVER ZULUAGA,                       *Collective Action*

                     Defendants.
------------------------------------------------------------------------X

      Plaintiff, EDI MORALES ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, ZULUAGA FOOD SERVICES, INC. and HOOVER ZULUAGA (collectively "Defendants") alleges as follows:

<u>**NATURE OF THE ACTION**</u>

    1.      The Defendants are engaged in the restaurant business. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants.  The Plaintiff and similarly situated employees regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

    2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also brings this action to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6.      Defendant, ZULUAGA FOOD SERVICES, INC., was and still is a business that operates a restaurant and bakery in the County of Suffolk and State of New York.

7.      At all times relevant, Defendant, ZULUAGA FOOD SERVICES, INC., is engaged in the food service industry and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

8.      At all times relevant, Defendant, ZULUAGA FOOD SERVICES, INC., has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

2

9.     Defendants' business requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

10.    At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11.    Plaintiff's duties included preparing and cooking food.  In performing his duties, Plaintiff handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

12.    At all times relevant, Defendant, ZULUAGA FOOD SERVICES, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

13.    Defendant, HOOVER ZULUAGA, is an owner and/or officer of ZULUAGA FOOD SERVICES, INC., has authority to make payroll and personnel decisions for ZULUAGA FOOD SERVICES, INC., and is active in the day to day management of ZULUAGA FOOD SERVICES, INC., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

14.    At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

3

## STATEMENT OF FACTS

15.     Plaintiff was employed by Defendants from in or about 2014 to in or about July 25, 2020.   Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

16.     Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.   Plaintiff regularly worked 6 days per workweek and at least one 12-hour shift each workweek.   For example, from in or about 2016 to in or about July 2020, Plaintiff worked Monday from 5 AM to 5 PM; from in or about 2017 through 2019, Plaintiff worked Sunday from 5 AM to 5 PM.   Plaintiff's regular day off was Wednesday.   Plaintiff worked a total of 57 to 69 hours per workweek.

17.     Defendants paid Plaintiff a weekly salary of $500.00 for all hours worked by Plaintiff each week.

18.     Defendants failed to pay Plaintiff for all hours worked by him at a rate not less than the New York State statutory minimum rate of pay.

19.     Defendants failed to pay Plaintiff an additional hour's pay for each workday that was longer than 10 hours from its start to its finish including breaks.

20.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

21.     Defendants failed to provide Plaintiff upon hire written notice in his native language of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

22.     Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

23.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

24.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

25.     Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, working the counter, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

26.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

27.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

28.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

29.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30.     Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

31.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

32.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

33.     Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

34.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Defendants willfully failed to compensate Plaintiff for all hours worked by him at a rate not less than the statutory minimum rate of pay in violation of New York Labor Law.

36.     By Defendants' failure to pay Plaintiff minimum wages for all hours worked, they have willfully violated the New York Labor Law.

37.     Plaintiff is entitled to recover from Defendants unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

38.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

40.     By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

41.     Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

42.     Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

43.     Defendants failed to provide Plaintiff upon hire with written of his regular rate of pay and other information required by New York Labor Law §195(1) and are liable to Plaintiff for statutory damages pursuant to Labor Law 198.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

44.     Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

45.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

46.     Defendants are liable to Plaintiff for statutory damages in the amount of $5,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid minimum wages, overtime wages, and damages pursuant to New York Labor Law §198, liquidated damages and pre- and post-Judgment interest;

(iii)   Certification of this case as a collective action under 29 U.S.C. §216(b);

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v)     All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       September 1, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By: _____
    Peter A. Romero, Esq.
    825 Veterans Highway, Suite B
    Hauppauge, New York 11788
    Tel. (631) 257-5588
    promero@romerolawny.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paisapan Bakery to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____
Edi Morales

17/07/20
_____
Date